UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEON T. McRAE,<br>Plaintiff,<br><br>v.<br><br>STAMFORD POLICE, et al.,<br>Defendants. | PRISONER<br>CASE NO: 3:07cv1517(AWT) |

INITIAL REVIEW ORDER

Plaintiff Keon T. McRae, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 (2000).

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they

suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

McRae includes two defendants in the case caption, the Stamford Police and Judge Nigro. In the description of the parties, he names the Narcotic Squad Division instead of the Stamford Police. McRae alleges that Judge Nigro both signed the search and seizure warrant and presided over McRae's sentencing. He alleges that the police searched his residence without probable cause. He seeks damages from the police and a "fair judgment according my situation" from Judge Nigro. McRae also asks the court to discipline an attorney who is not a party to this action.

Pursuant to its review under 28 U.S.C. § 1915A, the court concludes that the claims are not cognizable. To state a claim under section 1983, McRae must allege facts showing that the defendant, a person acting under color of state, law deprived him

2

of a federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982).

Municipal police departments, or subunits thereof, are not independent legal entities and are not subject to suit under section 1983.  See Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005).  Thus, the claim against the Stamford Police or the Narcotics Division of the Stamford Police must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable legal basis.  Should McRae learn the names of the officers involved in the search, he may file an action against them.

The other defendant, Judge Nigro, is a state court judge. Judges are immune from suit, not just from the ultimate assessment of damages.  See Mireles v. Waco, 502 U.S. 9, 11 (1991).  This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (citations and internal quotation marks omitted). Judicial immunity is overcome in only two situations.  A judge is not immune from suit for actions not taken in his judicial capacity or for actions that are judicial in nature but taken in the absence of all jurisdiction.  See Mireles, 502 U.S. at 11 (citations omitted).  McRae alleges that Judge Nigro improperly signed a search and seizure warrant and presided over his

sentencing.  Both actions were taken in Judge Nigro's judicial authority and within his jurisdiction.  Thus, Judge Nigro is protected by judicial immunity from all claims for damages.  Any claim against defendant Nigro for damages is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as seeking monetary relief from a defendant who is immune from that relief.

McRae also asks that he be resentenced.  Such relief is available only through a petition for writ of habeas corpus.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-90 (1973) (requiring that a state prisoner must challenge his conviction or the length of his sentence in a petition for writ of habeas corpus, not a civil rights action).  Thus, all claims against Judge Nigro are dismissed.

Finally, McRae asks the court to discipline his criminal attorney.  The attorney is not a party to this action.  Thus, any claims against him are not properly before the court.

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B).

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction

Legal Affairs Unit.

**SO ORDERED** at Hartford, Connecticut this 22nd day of October 2007.

>                         /s/
>                 Alvin W. Thompson
>             United States District Judge